[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2010
JOHN LEY
CLERK

No. 10-10042

D. C. Docket No. 1:09-cv-20286-PAS

FIROZ P. VESUNA,

Plaintiff-Appellant,

versus

CSCS INTERNATIONAL N.V.,
COSTA CROCIERE, S.P.A.,
COSTA CRUISE LINES, N.V.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(December 13, 2010)

Before DUBINA, Chief Judge, FAY, Circuit Judge, and GOLDBERG,[*] Judge.

PER CURIAM:

---

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Appellant Firoz P. Vesuna ("Vesuna") appeals the district court's dismissal of his complaint for forum non conveniens prior to permitting jurisdictional discovery. Additionally, there is a pending motion filed by appellees for attorneys' fees and costs, which we have carried with the case.

## I. BACKGROUND

Vesuna, a resident of India, sustained a serious back injury while working for Cruise Ship Catering Services ("CSCS") aboard a cruise ship owned by Costa Crociere ("Costa"). Vesuna's employment contract contained the following choice of law provision:

> Any question that may arise concerning the application of laws, or of the terms and conditions of this Contract or of individual agreements, shall be subject to the jurisdiction of the Court of Genoa (ITALY), which shall conduct the compulsory arbitration and settlement procedure laid down for such cases.

The ship upon which the injury was sustained is Italian flagged, though Vesuna claims it is ported in Florida during a portion of the year. The accident is not alleged to have occurred while in Florida and the ship did not enter U.S. waters at any point during Vesuna's employment onboard the ship. Following the accident, Vesuna received medical treatment onboard the ship and then in Savona, Italy, and Mumbai, India.

After the case was removed to federal court, Costa filed a motion to dismiss for forum non conveniens. Vesuna responded to the motion on June 3, 2009, after two motions for an extension of time, but failed to request additional discovery on the matter. Vesuna later filed a motion for discovery on July 1, 2009, upon noticing his error.

A magistrate judge granted Vesuna's request for jurisdictional discovery. CSCS and Costa filed objections to the magistrate judge's recommendation and several months later the district court reversed. Vesuna then perfected this appeal claiming that it should have been permitted limited jurisdictional discovery prior to the court ruling on the motion to dismiss. CSCS and Costa filed a motion for costs and fees based on the fact that this appeal represents the fifth time in six years Vesuna's counsel has challenged Costa's business relationship with the U.S. on appeal to this court.

## II. ISSUES

(1) Whether the district court erred in dismissing Vesuna's claims for forum non conveniens prior to permitting jurisdictional discovery.

(2) Whether the district court should award attorneys' fees and costs to Costa and CSCS.

## III. STANDARD OF REVIEW

This court reviews *de novo* the dismissal of a complaint for forum non conveniens. *Membreno v. Costa Crociere*, 425 F.3d 932, 935–36 (11th Cir. 2006).

## IV. DISCUSSION

### A. Forum Non Conveniens

In maritime cases, the decision whether to dismiss on forum non conveniens involves a two-step analysis. First, the court decides whether United States law applies and, second, if it does not, then applies the traditional analysis for forum non conveniens. The Supreme Court has established a non-exclusive list of factors to consider when deciding whether United States law applies. The factors are: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured party; (4) the allegiance of the defendant ship owner; (5) the place of contract; (6) the inaccessibility of the foreign forum; (7) the law of the forum; and (8) the ship owners place of operations. *Hellenic Lines, Ldt. v. Rhoditis*, 398 U.S. 306, 309 (1970).

The district court determined that each of the factors, except one that it decided could not be weighed in this case, weighed heavily against applying U.S. law. The court found that the injury was not sustained in U.S. waters and that the ship never entered U.S. waters while Vesuna was aboard the ship. The ship was (and is) Italian flagged. Vesuna is admittedly a resident of India and Costa

4

presented an affidavit in support of its claim that Costa is an Italian corporation with its headquarters in Italy. The court declined to weigh the place of contract, though the employment contract designates Italian law and was presumably entered into in Italy. The court also indicated several alternative fora for the suit (Italy, India, and the Netherlands), which Vesuna failed to contest. Finally, the court concluded that Vesuna had failed to offer any potential support for its claim that Costa has a base of operations in Florida as it is not registered to do business in Florida and the bulk of its income comes from the European market.

Vesuna has not contested any of these findings directly, but argues that he was entitled to jurisdictional discovery to determine whether there is evidence to support his claim that Costa has a base of operations in the United States. Importantly, Vesuna failed to make a timely request for jurisdictional discovery in the district court. Even if we assume *arguendo* that Costa has some ties to the U.S., we conclude that it would not be enough to overcome all of the other factors which weigh against jurisdiction. Accordingly, we agree with the district court's finding that Vesuna has no right to discovery and, accordingly, the judgment of dismissal should be affirmed.

**B. Sanctions**

By motion to this court, the appellees request costs, expenses and attorneys' fees, pursuant to 28 U.S.C. § 1927. Title 28 U.S.C. § 1927 provides that any lawyer who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy the excess costs, expenses and attorneys' fees. *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we deny the appellee's request for sanctions under § 1927. The suit brought by Vesuna is not frivolous. Initially, a magistrate judge agreed that jurisdictional discovery would be helpful. The question of frivolity is further complicated by the fact that at least one member of this court determined that the issues presented in this appeal warranted oral argument. Accordingly, we are unable to hold that there was absolutely no basis for the appeal in the first place. Additionally, CSCS and Costa have filed a motion for Rule 11 sanctions in the district court which is now pending. Rule 11 seems a much better vehicle for applying sanctions should the district court deem them warranted.

For the aforementioned reasons, we affirm the judgment of dismissal and deny the motion for attorneys' fees and costs.

**AFFIRMED.**